22-1748-cv
*Stetson Real Estate v. Sentinel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Beth Robinson,
                 *Circuit Judges.*

_____

STETSON REAL ESTATE, LLC,

        *Plaintiff-Appellant*,

    v.                                          No. 22-1748

SENTINEL INSURANCE COMPANY, LIMITED,

        *Defendant-Appellee.*\*

_____

————————————————

\* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:          ALAN W. BORST, JR., Mamaroneck, NY.

*For Defendant-Appellee*:          JONATHAN M. FREIMAN, Wiggin and Dana LLP, New Haven, CT (Charles A. Michael, Steptoe & Johnson LLP, New York, NY, and Anjali S. Dalal, Wiggin and Dana LLP, New Haven, CT, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stetson Real Estate LLC appeals the district court's judgment granting Defendant-Appellee Sentinel Insurance Company's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

"We review a district court's decision to grant a motion for judgment on the pleadings de novo," accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *D'Addario v. D'Addario*, 75 F.4th 86, 92 (2d Cir. 2023).

This court and the state courts of New York have consistently and repeatedly held that, under New York law,[1] COVID 19 does not trigger insurance

---

[1] New York substantive law applies to the underlying insurance dispute because the forum state is New York and therefore New York choice-of-law rules govern. *Statek Corp.*

2

policy provisions that provide coverage for losses arising from "direct physical loss" of or "physical damage" to covered property. *See 10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216 (2d Cir. 2021); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, No. 21-1082, 2022 WL 258569 (2d Cir. Jan. 28, 2022); *Deer Mountain Inn LLC v. Union Ins. Co.*, No. 21-1513, 2022 WL 598976 (2d Cir. Mar. 1, 2022); *SA Hosp. Grp., LLC v. Hartford Fire Ins. Co.*, No. 21-1523, 2022 WL 815683 (2d Cir. Mar. 18, 2022); *BR Rest. Corp. v. Nationwide Mut. Ins. Co.*, No. 21-2100, 2022 WL 1052061 (2d Cir. Apr. 8, 2022); *Consol. Rest. Operations, Inc. v. Westport Ins. Corp.*, 205 A.D.3d 76 (N.Y. App. Div. 1st Dep't 2022).

Stetson attempts to distinguish this case from other cases in which the allegations were not as specific or did not involve fomites. Appellant's Br. 43-44. But, as the Appellate Division, First Department, recently held, to trigger coverage for "'direct' 'physical' damage or loss to property," "[t]he property must be *changed, damaged or affected in some tangible way*, making it different from what it was before the claimed event occurred." *Consol. Rest.*, 205 A.D.3d at 82 (emphasis added). Similarly, in *Buffalo Xerographix, Inc. v. Sentinel Insurance Company*, we explained that "the presence of COVID-19 on surfaces at a retail store or office would not cause the store or office to be physically lost or damaged." No. 21-1502, 2022 WL 4241191, at *2 (2d Cir. Sept. 15, 2022). In *Kim-Chee LLC*, we explained further that the COVID-19 "virus's inability to physically alter or persistently contaminate property differentiates it from radiation, chemical dust, gas, asbestos, and other contaminants whose presence could trigger coverage." 2022 WL 258569, at *2.

---

*v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 186 (2d Cir. 2012) ("[A] federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits."). In contract disputes, New York "appl[ies] 'the law of the place which has the most significant contacts with the matter in dispute,'" *Md. Cas. Co. v. Continental Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) (quoting *Auten v. Auten*, 308 N.Y. 155, 160 (1954)), and here New York has the most significant contacts.

Stetson provides no reason to depart from the precedent holding that the COVID-19 virus does not alter the covered property in the way required to establish direct "physical loss" or "damage" to covered property.

Stetson argues that Sentinel should cover its losses because the applicable policy contained many explicit exclusions but none for COVID-19. New York law, however, is clear that "exclusion clauses subtract from coverage rather than grant it." *Consol. Rest.*, 205 A.D.3d at 87 (quoting *Raymond Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 5 N.Y.3d 157, 163 (2005)). We adhere to our prior holding that "the absence of the virus exclusion does not alter th[e] conclusion" that an insured "has not shown it suffered a covered loss under its insurance policy." *Kim-Chee LLC*, 2022 WL 258569, at *2.

Stetson also argues that it should be covered under the civil authority provision. But to secure coverage under that provision, the insured must show that an order of a civil authority "'prohibited access' to the covered premises" and that the order was the direct result of physical loss of or damage to property nearby. *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co.*, No. 20-CV-3350, 2021 WL 1034259, at *16 (S.D.N.Y. Mar. 18, 2021), *report and recommendation adopted*, 2022 WL 558145 (S.D.N.Y. Feb. 24, 2022); *see also Food for Thought Caterers Corp. v. Sentinel Ins. Co.*, 524 F. Supp. 3d 242, 250-51 (S.D.N.Y. 2021) (dismissing a civil authority claim "because no civil authority order denied complete access to the plaintiff's premises" and because the plaintiff "failed to plead specific facts showing that the COVID restrictions that applied to the property at issue were the direct result of a risk of direct physical loss to other property in the immediate area"); *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, 142 N.Y.S.3d 903, 917 (N.Y. Sup. Ct. 2021) ("[T]he gist of Civil Authority coverage is that physical harm to someone else's premises has caused the civil authorities to prohibit access to the insured's premises. Here, in contrast, *both* premises are restricted for the same reason: to limit the risk of spreading the Covid-19 virus. This simply does not implicate Civil Authority coverage.").

## II

"We review the denial of leave to amend a complaint under an abuse of discretion standard." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Still, leave to amend is futile if the proposed amendment "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "[I]n the absence of any indication that [the plaintiff] could—or would—provide additional allegations that might lead to a different result, the District Court [does] not err in dismissing [the] claim with prejudice." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

Here, no amendment would change the fact that the COVID-19 virus "injures people, not property." *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 403 (6th Cir. 2021); *see also Ascent Hosp. Mgmt. Co., LLC v. Emps. Ins. Co. of Wausau*, No. 21-11924, 2022 WL 130722, at *3 (11th Cir. Jan. 14, 2022) ("[D]irect physical loss or damage requires an actual physical change to property that COVID-19 particles cannot cause."). The case law is clear that, in insurance contracts of this type, "the phrase 'direct physical loss of or damage to' … connotes a negative alteration in the tangible condition of property" and "requires some form of actual, physical damage to the insured premises." *Michael Cetta, Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 176 (S.D.N.Y. 2020). Given that requirement, the district court did not abuse its discretion in deciding that further attempts to amend the complaint would be futile.

\*   \*   \*

We have considered Stetson's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5